UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LOCAL 1931 PENSION FUND,

                                      Plaintiff,

                 - against -                               Case No. 19-CV-2683

                                                       COMPLAINT

HEALTHCARE SERVICES GROUP, INC.,

                                      Defendant

-----------------------------------------------------------------X

Local 1931 Pension Fund (hereinafter " Pension Fund") by its' attorneys, Bryan C. McCarthy, Esq. & Associates, P.C., alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1132(e)(1), and §301(a), of the Labor-Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(a). This is an action by the Plaintiff for, *inter alia*, breach of a Collective Bargaining Agreement (hereinafter "Agreement") between an employer and a labor organization representing employees in an industry affecting commerce, as well as to enforce ERISA §502(a)(3), 28 U.S.C. §1132(a)(3)(B)(ii), (d)(1), (e)(2) and (f) and d145(a) and (c), ERISA §515, 29 U.S.C. §1145 and §301 of the LMRA.

2.    Venue is based on the location of the office from which the Pension Fund is administered, which is in the Eastern District of New York. As such, venue is appropriate

pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Taft Hartley §301, 29 USC §185.

## PARTIES

3. Upon information and belief, the Defendant, Healthcare Services Group, Inc., (hereinafter "Employer") is a domestic corporation duly organized and existing pursuant to the laws of the State of Pennsylvania with its principle office located at 3220 Tillman Drive, Suite 300, Benslamen, Pennsylvania.

4. Upon information and belief, the Employer, was and is an "employer" within the meaning of §3(5) and 515 of ERISA, 29 U.S.C. §1002(5) and 1145.

5. The Pension Fund is an employer pension benefit plan within the meaning of §3(2) and (3) of ERISA, 26 U.S.C. §414(j) and a "defined benefit plan" within the meaning of §3(35) of ERISA, 29 U.S.C. §1002(35).

6. The Pension Fund is a "multiemployer plan" within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Pension Fund was created and is maintained pursuant to §302(c) of the LMRA.

7. The Pension Fund's principle office is located at 420 West Merrick Road, Valley Stream, New York 11580.

8. The Pension Fund was created pursuant to a written agreement and declaration of trust (hereinafter "Pension Fund Trust Agreement"). The Pension Fund is maintained, *inter alia*, for the purpose of providing its participants and beneficiaries with a defined benefit pension plan.

9. The Pension Fund provides benefits to eligible employees and their dependents on whose behalf the Employer is required to make contributions to the Pension Fund pursuant the Collective Bargaining Agreement ("Agreement") between the Employer and Amalgamated

Local 1931, AFL-CIO (hereinafter "Union") dated June 1, 2015 through May 31, 2018.

10. Employer withdrew from Pension Fund in a complete withdrawal by permanently ceasing all covered operations under the Pension Fund on or about September 30, 2016, within the meaning of ERISA §4201(a) and 4203(a)(1) or (2), 29 U.S.C. §1381 (a) and 1383(a)(1) or (2).

11. Such a complete cessation of the obligation to make contributions or cessation of covered operations constituted a "complete withdrawal" from Pension Fund, for which withdrawal liability may be collected by the Pension Fund, pursuant to ERISA §4201(a), 29 U.S.C. §1381(a).

12. Upon information and belief, as a result of its complete withdrawal, Employer is obligated to pay withdrawal liability to the Pension Fund of $28,424.00. This liability was determined by the Pension Fund under §4211(c)(4)(A) of ERISA, 29 U.S.C. §1391(c)(4)(A). Pursuant to ERISA §4219(c)(1)(c)(i)(l) and (3), 29 U.S.C. §1399(c)(1)(c)(i)(1) and (3), the Pension Fund offered the Employer the opportunity to make six (6) quarterly payments to the Pension Fund of $4,224.00 with a final payment of $3,714.00.

13. In accordance with ERISA §4219(b), 29 U.S.C. §1399(b) on April 18, 2018 the Pension Fund sent a demand letter for withdrawal liability to Employer. The letter advised the Employer that if payment was not made within sixty (60) days of the date the first quarterly payment was due then amount owed would be in default and the entire amount of withdrawal liability, plus accrued interest on the total outstanding liability, from the due date of the first payment that was not timely made, would become due. Furthermore, the Employer was advised in the demand letter that according to the terms of the Pension Fund Trust Agreement, the Trustees may declare default when notice is received of any circumstances indicating a

substantial likelihood that further payments will not be made in a timely fashion.

14. Pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5) the failure of Employer to make the first quarterly payment when due, the failure to make any other payments towards its withdrawal liability, and the failure to cure such delinquency constituted a default.

15. The Employer was sent another demand letter for payment of withdrawal liability owed the Pension Fund on October 2, 2018.

16. The Pension Fund has not received any payment towards withdrawal liability owed by Employer.

## FIRST CAUSE OF ACTION

17. Plaintiff incorporates by this reference and re-allege, as though fully set forth herein, the allegations of paragraphs "1" through "16" above.

18. As set forth above, pursuant to ERISA §502(g)(2) and 4201(b), 29 U.S.C. §1132(g)(2) and 1451 (b), Employer is obligated to pay withdrawal liability, interest, liquidated damages on the delinquent withdrawal liability payments, and attorneys' fees and costs.

19. The Employer's failure to make required contributions to the Pension Fund resulted in considerable unfunded liability to the Pension Fund.

20. As a result of Employer's withdrawal from Pension Fund, the Pension Fund was adversely affected to the extent that required contributions to the Pension Fund were not made and withdrawal liability owed to the plan was not paid.

21. Therefore the Employer is liable to the Pension Fund in the minimum amount of $28,424.00 in unpaid withdrawal liability, plus liquidated damages, interest, reasonable attorneys' fees and the costs and disbursements of this action.

## **PRAYER**

WHEREFORE, the Plaintiff prays for judgment against the Defendant, Healthcare Services Group, Inc., as follows:

(1) As to the First Cause of Action, against the Employer and for the Pension Fund, the minimum amount of $28,424.00, together with interest from the date of the delinquency, liquidated damages, reasonable attorneys' fees and the costs and disbursements of this action, as set forth in ERISA §501, 29 USC §1132et. seq., and for such other and further relief as the Court deems just and proper;

Dated: May 7, 2019

Respectfully submitted,

Sheri D. Preece, Esq.
Bryan C. McCarthy Esq. & Associates, P.C.,
Attorneys for Plaintiffs
1454 Route 22, Suite B101,
Brewster, New York 10509
(845) 363-1441
sdp@bcmassociates.org